[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The 48 year old plaintiff wife and the 51 year old defendant husband intermarried on June 15, 1963 at Waterbury, Connecticut. The plaintiff has resided in this state for over one year prior to commencing the present action which seeks a dissolution of said marriage and other relief. Six children were born to the parties, the youngest of whom, Darin, born October 28, 1973, is still a minor. The parties obtained the first house they owned from the plaintiff's parents by quit claim deed, agreeing to assume a mortgage balance, a siding bill balance and a furnace bill balance. After the parties separated eleven years ago, the defendant conveyed his interest in the property to the plaintiff. She sold the house and purchased the present family home known as 64 Woodbine Street, Waterbury, Connecticut. Title is held jointly by the parties since the defendant signed the mortgage note as a maker, with the understanding that he would be a record owner. The plaintiff values the equity in said parcel at $48,000.
The defendant had been employed by Anchor Fasteners for 24 years until the company terminated his services in August, 1987. The defendant had begun employment at Anchor Fasteners one week after the marriage. He was able to obtain employment on February 1, 1988 at Emson Research. The defendant quit that job on October 6, 1989, two days before he was operated on for a cancerous condition which resulted in a permanent colostomy. The defendant remained unemployed until October 1, 1991 when he found part time employment for 20 hours weekly.
The plaintiff has been working for the City of Waterbury for the past six (6) years, initially as a cleaning matron and more recently as a school cook, which involves warming pre-cooked meals but no actual cooking.
The defendant has a vested pension having a present value of $25,600 and which will provide $744.24 monthly beginning on April 1, 2005. The plaintiff's pension with the City of Waterbury will vest in about three (3) years. The defendant also so has a 401K account that he received upon leaving Anchor Fasteners which is now in a C.D. in the amount of $70,785. Since the defendant's affidavit states that the funds are not available without penalty CT Page 9060 until the defendant reaches 59 1/2 years of age, the court infers it was rolled over into an I.R.A. account. The account was funded during the marriage and is marital property.
The parties separated eleven years ago when the defendant left the marital home to live with another woman. The defendant testified that "I'll take the blame for it", i.e. the marriage breakdown, attributing his conduct as a "complete flake" to his attaining 40 years of age. The court finds that the defendant's conduct was the cause of the marriage breakdown.
On May 7, 1981 the plaintiff applied to the Family Division of the Superior Court for child support services under the child support enforcement Program of Title IV-D of the Social Security Act, file #4-12188. On June 16, 1981 the court ordered "$110 week and that Mr. Soucy is to pay all household bills". On March 21, 1991 the defendant moved, in this action, to modify or terminate the support order due to changed circumstances. The motion is being heard as part of the final hearing.
The defendant admitted that he was probably unwise in quitting his employment in October, 1989 and that he should have requested a leave of absence. As of March, 1991, he had exhausted his unemployment and was actively seeking employment. However, his I.R.A. account, which contained tax deferred income, was available to provide the child support payments. The defendant's motion is denied.
Having considered the evidence in light of the statutory criteria, the court enters the following:
1. A decree is entered dissolving the parties' marriage on the ground of irretrievable breakdown. The defendant's cross complaint is dismissed as now moot.
2. Custody of the minor child, Darin Soucy, born October 28, 1973, is awarded to the plaintiff with reasonable visitation awarded to the defendant.
3. The court orders child support in the amount of $110 for the weeks ending on the 11th, 18th and 25th of this month. Including these three weeks, the total unpaid child support is found to be $7,503. — after a credit for a $500 payment recently made by defendant to plaintiff, (Defendant's Exhibit #1). The defendant shall pay said arrears at the rate of $75 weekly commencing on November 1, 1991. Current medical coverage of the minor under plaintiff's medical plan shall be maintained.
4. The plaintiff is awarded $1.00 per year periodic alimony to terminate upon her remarriage or the death of either party. CT Page 9061
5. The defendant's interest in 64 Woodbine Street, Waterbury, Connecticut is awarded to the plaintiff as are the contents of the house.
6. The plaintiff is awarded $30,000 of the defendant's I.R.A. account and the defendant is ordered to make the nontaxable transfer permitted as a special exception under the law since this order is part of a "decree of divorce".
7. The parties shall each keep their pensions as their respective sole property.
8. The defendant's COBRA rights under plaintiff's medical plans at the City of Waterbury may be retained by defendant at his expense.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.